# **RoadLoans** - A Division of Santander Consumer USA Inc.

| BORROWER(S): James Dunn<br>249 Andover Rd<br>Fairless Hills PA<br>19030-2201 | LENDER: SANTANDER CONSUMER USA INC.<br>8585 N. Stemmons Freeway, Suite 1100-N<br>Dallas, TX 75247 |
|---|---|

## DISCLOSURES PURSUANT TO THE TRUTH IN LENDING ACT

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. |
|---|---|---|---|
| 20.24 % | $ 16,808.54 | $ 22,880.02 | $ 39,688.56 |

**Your Payment Schedule Will Be:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 71 | $ 551.23 | Monthly, beginning 12/26/2016 |
| 1 | $ 551.23 | 11/26/2022 |

**Security:** You are giving a security interest in the Vehicle being purchased or refinanced with the loan proceeds.
**Prepayment:** If you pay off this loan early, you will not have to pay a penalty.
**Filing Fee:** You agree to pay any lien filing fee.
**Insurance:** Property insurance is required. You may obtain property insurance from anyone that is acceptable to the holder of this Note.
**Late Charge:** If all or any portion of any payment is not received within 15 days after it is due, you will pay us the greater of $20 or 10% of the installment amount.

**Other Terms:** See the terms and conditions of your Note for any additional information about nonpayment, default, any required repayment in full before the schedule due date, and prepayment refunds and penalties.

| ITEMIZATION OF AMOUNT FINANCED* | | |
|---|---|---|
| You authorize us to pay the following amounts on your behalf: | | |
| 1. Amount given to you directly | $ | 0.00 |
| 2. Amount paid on your account | $ | 0.00 |
| 3. Other Charges including amounts paid to others on your behalf | | |
| (A) CARMAX-MAPLE SHADE    For Sales Price | $ | 22,880.02 |
| (B)                For | $ | 0.00 |
| (C)            For | $ | 0.00 ** |
| (D)            For | $ | 0.00 ** |
| (E)            For | $ | 0.00 ** |
| (F)            For | $ | 0.00 |
| (G)            For | $ | 0.00 |
| Total Other Charges (sum of items 3A through 3G) | $ | 22,880.02 |
| 4. Less: Prepaid Finance Charge | $ | 0.00 |
| 5. Amount Financed (1+2+3+4) | $ | 22,880.02 |
| **Lender may retain a portion of these amounts | | |

| | Year: | Make: | Model: | VIN: |
|---|---|---|---|---|
| **Vehicle** | 2015 | CHRYSLER | 200 | 1C3CCCDG8FN615845 |



### NOTE AND SECURITY AGREEMENT ("Note")

| BORROWER(S):                                                  | LENDER:                                                              |
|---------------------------------------------------------------|---------------------------------------------------------------------|
| **James Dunn**<br>249 Andover Road<br>Fairless Hills, PA, 19030 | Santander Consumer USA Inc.<br>1601 Elm Street, Suite 800<br>Dallas, TX 75201 |

"You" and "your" refers to each BORROWER who signs and negotiates the RoadLoans Voucher (hereinafter, "RoadLoans Voucher") while "we," "us" and "our" refer to LENDER, its successors and assigns.

### DISCLOSURES PURSUANT TO THE TRUTH IN LENDING ACT*

| ANNUAL PERCENTAGE RATE* | FINANCE CHARGE* | AMOUNT FINANCED* | TOTAL OF PAYMENTS* |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. |
| **20.24%** | **$18,365.60** * | **$25,000.00** * | **$43,365.60** * |

Your Payment Schedule Will Be:

| NUMBER OF PAYMENTS* | AMOUNT OF PAYMENTS* | WHEN PAYMENTS ARE DUE* |
|---|---|---|
| **72** * | **$602.30** * | Monthly, beginning 30 days from the date of funding until paid in full |

**Security:** You are giving a security interest in the Vehicle being purchased or refinanced with the loan proceeds.

**Prepayment:** If you pay off this loan early, you will not have to pay a penalty.

**Filing Fee:** You agree to pay any lien filing fee.

**Insurance:** Property insurance is required. You may obtain property insurance from anyone that is acceptable to the holder of this Note.

**Late Charge:** If all or any portion of any payment is not received within 15 days after it is due, you will pay us the greater of $20 or 10% of the installment amount.

**Other Terms:** See the terms and conditions of this Note for any additional information about nonpayment, default, any required repayment in full before the schedule due date, and prepayment refunds and penalties.

*All numerical disclosures are estimates. The final terms of your repayment obligation will be provided to you in a separate disclosure pursuant to the Truth In Lending Act Statement, which is incorporated herein by this reference.

**SECURITY AGREEMENT.** To secure payment of this Note and performance of your obligations under this Note, you grant us a security interest in the Vehicle being purchased or refinanced with the loan proceeds, plus any accessories, equipment and replacement parts installed in the Vehicle, any accessions to the Vehicle and the proceeds of the Vehicle.

You promise to pay us, our successors and assigns, the principal sum of **$25,000.00** plus interest at a rate of **20.24%** from the date that is five days after this loan is funded in installments as shown on this page.

| ITEMIZATION OF AMOUNT FINANCED* | | |
|---|---|---|
| You authorize us to pay the following amounts on your behalf: | | |
| 1. Amount given to you directly | $ | |
| 2. Amount paid on your account. | $ | |
| 3. Other Charges including amounts paid to others on your behalf | | |
| (A) Dealer | For Vehicle | $ | $25,000.00 |
| (B) | For | $ | |
| (C) | For | $ | ** |
| (D) | For | $ | ** |
| (E) | For | $ | ** |
| (F) | For | $ | |
| (G) | For | $ | |
| Total Other Charges (sum of items 3A through 3D) | $ | $25,000.00 |
| 4. Less: Prepaid Finance Charge | $ | |
| 5. Amount Financed (1+2+3-4) | $ | $25,000.00 |
| **Lender may retain a portion of these amounts | | |

If you do not meet your contractual obligations, you may lose the vehicle you purchased or refinanced with the loan proceeds.

THIS NOTE CONTAINS AN ARBITRATION PROVISION WHICH AFFECTS YOUR RIGHTS.

BY SIGNING AND NEGOTIATING THE ROADLOANS VOUCHER, YOU AGREE TO AND ACKNOWLEDGE RECEIPT OF: THE ABOVE DISCLOSURES; THE ADDITIONAL TERMS AND CONDITIONS OF THIS NOTE; AND A COPY OF THE ROADLOANS VOUCHER ENDORSED AND NEGOTIATED BY YOU, AND WHICH IS INCORPORATED HEREIN BY THIS REFERENCE.

Sign Here 



BORROWER'S Signature    James Dunn

_____

CO-BORROWER'S Signature

## ADDITIONAL TERMS AND CONDITIONS

**PROMISE TO PAY.** You promise to pay us, or our successors and assigns, the dollar amount entered on the RoadLoans Voucher (the "principal balance"). The principal balance includes applicable taxes as described herein and any amount paid on the BORROWER's behalf for an extended service contract, GAP waiver or any other ancillary costs. This Note is scheduled to mature upon the payment of amounts scheduled herein and any fees or charges payable hereunder. Your payments will be applied first to earned interest, and then to principal, and then to fees and expenses. The amount of your final payment will depend on the amounts and dates of the payments you make. If you prepay in part your next payment will be due on the next regularly scheduled installment date. Extensions of any scheduled payment or the maturity of your loan may be granted upon conditions required by the holder of this Note and Security Agreement in its sole discretion, including payment of such fees as permitted by law. The final terms of your repayment obligation will be provided to you in a final Note and Security Agreement, which will be provided to you separately and is incorporated herein by reference.

**FINANCE CHARGE.** Simple interest will be earned on a daily basis on the unpaid principal balance. Your actual Finance Charge will depend on your payment patterns. The actual Finance Charge may be more than the Finance Charge disclosed on the front of this Note if you make your payment later than the scheduled dates or in less than the scheduled amount.

**RETURNED CHECK CHARGE.** If any check or other draft you give us is dishonored, you agree to pay a charge of $ 50.00.

**GOVERNING LAW.** This Note is governed by the internal laws of the state where BORROWER resides at the time this Note is executed.

**USE OF VEHICLE.** You will not use or permit the Vehicle to be used in default under this Note if any of the following things happen: (1) for any improper or illegal purpose, or to commit any illegal act; (2) to transport passengers or goods for hire, (3) in a way that causes the cancellation or suspension of any applicable insurance or manufacturer's warranty; (4) outside of the state where you reside for more than 30 consecutive days without our prior written approval; (5) outside of the United States for any period of time without our prior written approval; (6) for towing, pushing or hauling, except as recommended by the manufacturer; (7) in any manner that will cause the Vehicle to be damaged or destroyed beyond repair; (8) by unlicensed drivers. You will not allow any lien or encumbrance to attach to the Vehicle other than the lien in favor of the holder of this Note. You hereby agree to immediately cause the holder of this Note to be named as the only lien holder on any certificate of title or other applicable documentation. You will deliver the Vehicle to such location that we require for our inspection at any time during the term of this Note.

**INSURANCE.** You agree to obtain, pay for and maintain insurance for the term of this Note against loss of damage to the Vehicle with a policy acceptable to us. This policy may be obtained through an existing policy of insurance owned or controlled by you or from an insurer and agent of your choice that is authorized to sell such insurance and is reasonably acceptable to us. The insurance you maintain will include comprehensive, fire, theft, and collision coverage insuring the Vehicle in an amount sufficient to cover the Vehicle's actual cash value with a maximum deductible of $500. You must name us as a loss payee. You must provide us with a copy of your insurance policy acceptable to us within 30 days after the date of this Note and thereafter upon request. If you fail to provide the holder of this Note evidence of insurance, the holder of this Note may purchase insurance at your expense to protect its interests. This insurance may not also protect your interests. You agree to assign the proceeds of any insurance to us to the extent of the debt you owe and agree that the insurance company may pay us directly. You agree that we have an irrevocable power of attorney to file proofs of loss and anything else necessary to obtain the insurance proceeds in your name. If the Vehicle is stolen, lost, damaged or destroyed, we can use any insurance settlement either to repair the Vehicle or to apply it to your debt. Whether or not the Vehicle is insured, you will pay us all you owe under this Note even if the Vehicle is stolen, lost, damaged, or destroyed. **Liability insurance coverage for bodily injury and property damage caused to others is not included.**

**DEFAULT.** To the extent permitted by applicable law, you will be in default under this Note if any of the following things happen: (1) You fail to make any payment in full or fail to pay any other charge when it is due; (2) You break any promise or condition made in this Note or in any other agreement you have with us; (3) You fail to keep required insurance in force; (4) You give us false or misleading information on your application or any of the documents; (5) You die, are declared incompetent, become insolvent, file a bankruptcy petition, have a bankruptcy petition filed against you; (6) The Vehicle is destroyed, stolen, damaged beyond repair, seized, confiscated, levied upon by governmental or legal process; or (7) Anything else happens that we reasonably believe in good faith endangers the vehicle or your ability to pay

**REMEDIES FOR DEFAULT.** If you are in default under this Note, we may take any one or more of the following actions, to the extent not prohibited by state law: (1) Accelerate this Note and declare the entire unpaid debt immediately due and payable; (2) Repossess the Vehicle with the requisite legal notice, if any, and if you fail to redeem the Vehicle, sell the Vehicle at a public or private sale, applying all proceeds from the sale to your obligation, after deducting costs as described below. We may hold any personal property that is in or on the Vehicle when we take it for 10 days, but we will neither be responsible for safekeeping such property nor be required to notify you about it. If you do not pick up the property within that time, we may dispose of it in any way we determine; (3) If the net proceeds of the Vehicle sold do not pay your indebtedness in full, we may file suit for or pursue collection from you for the difference, plus interest at the lesser of the annual interest rate or the maximum legal rate of interest until paid in full; (4) Take any reasonable action to correct the default or to prevent our loss; (5) Make a claim for any and all insurance or service contract benefits or refunds that may be available on your default and apply any amount received to the amount you owe; (6) Use any remedy we have at law or in equity; and (7) Recover from you all reasonable and lawful expenses related to enforcing this Note, including attorneys' fee, if not prohibited by applicable law, court costs, collection costs, and any fees incurred in repossessing, storing preparing for sale, and selling the vehicle.

**LATE CHARGES.** If all or any portion of any payment is not received within 15 days after it is due, you will pay us the greater of $20 or 10% of the installment amount.

**OTHER TERMS.** BORROWER agrees that the proceeds of this loan shall be used solely for the purchase or refinance of a Vehicle, and that no portion will be paid out in cash except as itemized on page one. In addition to the Security Agreement provisions on the reverse side hereof, you grant the holder of this Note a security interest in all insurance premiums, charges for debt cancellation or gap waiver coverage, service contracts, warranties, or similar arrangements financed for you, or rebates of the foregoing, and in the proceeds of any of the security granted in this Note. You agree you have not made any false statements in applying for this loan. Each person who signs this Note as BORROWER is jointly and severally liable under this Note, and is fully liable for all payments whether or not we try to collect from the other signers. Each BORROWER, including co-maker, co-signer, surety, endorser or guarantor individually and jointly, waive presentment, demand, protest or notice and any notice that we are demanding payment in full or the entire outstanding balance because of default or for any other reason. You cannot assign, sell, give a security interest in or arrange an assumption of your interest or rights under this Note or in the Vehicle. We can assign this Note to another party, who will have all our rights. If this Note is sold or otherwise transferred, your rights under law or under this Note are in no way altered or impaired. If any part or provision in this Note is determined to be unenforceable, void, illegal or otherwise against applicable law, it shall not impair or affect the enforceability of the other terms or provisions in this Note. We do not give up any of our rights by delaying or failing to exercise them on any one or more occasions.

This is page 2 of a 3-page Note. See next page for additional terms.

### ADDITIONAL TERMS AND CONDITIONS

**INFORMATION REPORTED TO CONSUMER REPORTING AGENCIES.** Under the Fair Credit Reporting Act, you have the right to notify us if you believe we have reported inaccurate information about your account to any Consumer Reporting Agency. Such notices should be sent in writing and include your complete name, current address, Social Security Number, telephone number, account number, type of account, specific item of dispute and the reason why you believe the information reported is in error. You must send your notice to the LENDER at the address on the front side of this Note.

**ARBITRATION PROVISION.** Upon written request by you or us that is submitted according to the rules for arbitration, any Claim, except those specified below, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the Rules of the chosen Administrator, and (iii) this Arbitration Provision.

**(a) Claims Covered.** "Claim" means any claim, dispute, or controversy now or hereafter existing between you and us, including without limitation, any claims arising out of, in connection with, or relating to this Note, and any modification, extension, application, or inquiry of credit or forbearance of payment; any trade-in of a vehicle; any products, goods and/or services, including the installation thereof, purchased in connection with this Note; any insurance, service contract, extended warranty, auto club membership or debt cancellation agreement purchased in connection with this Note; the closing, servicing, collecting or enforcing of this Note; whether the claim or dispute must be arbitrated; the validity of this Arbitration Provision; any negotiations between you and us; any claim or dispute based on an allegation of fraud or misrepresentation, including without limitation, fraud in the inducement of this Note or any other agreement; and any claim or dispute based on state or federal law, or an alleged tort. You and we also agree to submit to final, binding arbitration any claim or dispute that you or we have against all persons and/or entities (i) who are involved with this Note, (ii) who signed or executed any document relating to this Note or any Claim, and (iii) who may be jointly or severally liable to either you or us regarding any Claim.

EXCLUSION FROM ARBITRATION. The following types of matters will not be arbitrated: (1) The exercise of extra-judicial or self-help repossession under applicable law or any action seeking to enforce a security interest or any action to effect the sale or transfer of the property being foreclosed (collectively "Excluded Actions"). However, any claim or dispute arising out of or relating to the exercise of such Excluded Actions is subject to arbitration in accordance with this Arbitration Provision; or (2) Any Claim where all parties collectively (including multiple named parties) seek, in the aggregate, $15,000 or less in total monetary relief, including, but not limited to compensatory, statutory and punitive damages, restitution, disgorgement, and costs and fees (including attorney's fees); or any Claims brought in a small claims court. If you attempt to assert any Claim on behalf of a putative class of persons, in violation of other terms in this Arbitration Provision, the value of such Claim will, for purposes of this exclusion, be deemed to exceed $15,000. If any party fails to specify the amount being sought for any relief, or any form or component of relief, the amount being sought shall, for purposes of this exclusion, be deemed to exceed $15,000.

Participation in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate.

**(b) Commencing Arbitration.** The party initiating arbitration must choose one of the following arbitration Administrators and follow the rules and procedures that govern disputes established by the chosen Administrator ("Rules"): (1) American Arbitration Association, 335 Madison Avenue, New York, NY 10017-4605, or (2) National Arbitration Forum, P.O. Box 50191, Minneapolis, MN 55405, The Rules and a form of demand for arbitration are available from each Administrator. We or you may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment.

**(c) Place of Arbitration.** Arbitration shall be conducted in the county of your residence, unless all parties agree to another location.

**(d) No Class Actions/ No Joinder of Parties.** Claims and disputes by or on behalf of other persons not a party to this Note will not be arbitrated in any proceeding considering your Claims. YOU MAY NOT SERVE AS A CLASS REPRESENTATIVE OR PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS OR ACT AS A PRIVATE ATTORNEY GENERAL WITH RESPECT TO ANY CLAIM AGAINST ANY PARTY ENTITLED TO COMPEL ARBITRATION UNDER THIS ARBITRATION PROVISION.

**(e) Governing Law for Arbitration.** The Federal Arbitration Act, 9 U.S.C. § 1 et seq., shall govern this Arbitration Provision. The arbitrator shall make his or her decision in accordance with applicable substantive law consistent with the Federal Arbitration Act and applicable statutes of limitations, and shall be empowered to award any damages or other relief provided for under applicable law. Judgment upon any arbitration award may be entered in any court having jurisdiction.

**(f) Costs of Arbitration.** We will advance any arbitration filing fee, administrative fee, and hearing fee, which you are required to pay to pursue a Claim in arbitration. If you are unable to pay the filing fees and you tell us in writing that you are unable to pay such filing fees, the arbitrator will decide who will be ultimately responsible for paying those fees. In no event will you be required to reimburse us for any arbitration filing, administrative or hearing fees in an amount greater than what your court costs would have been if the Claim had been resolved in a court having jurisdiction. There may be other expenses during arbitration, such as attorney's fees, costs of travel to the arbitration, experts and witnesses. The applicable arbitration Rules will determine who will pay such amounts. If there are no such rules, each party will bear their own expenses.

**(g) Other Important Agreements.** This Arbitration Provision applies even if this Note has been paid in full, charged-off by us, or discharged in bankruptcy. In the event of a conflict or inconsistency between this Arbitration Provision and the arbitration Rules or the other provisions of this Note, this Arbitration Provision shall govern.

Special Acknowledgments. You understand (i) the Vehicle and other goods, products and services related to this Note, as well as the funding for your credit transaction, come in whole or in part from sources outside this state, which constitute interstate commerce within the meaning of the Federal Arbitration Act; and (ii) a court or jury will not hear or decide any Claim governed by this Arbitration Provision.

**Important: Read before signing and agreeing to the terms of this Note.** It should be read carefully because only those terms in writing are enforceable. No other terms or oral promises not contained in this Note may be legally enforced. You may change the terms of this Note only by another written agreement. This Note is a final expression of the credit agreement between you and us. This Note may not be contradicted by evidence of any prior oral credit agreement or of a contemporaneous oral credit agreement between you and us. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing payment of a debt including promises to extend or renew such debt are not enforceable. To protect you and us from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this Note, which is the complete and exclusive statement of the agreement between you and us, except as you and we may later agree in writing to modify it.