IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re: JAMES J. DUNN | ) | |
| **Debtor(s)** | ) | |
| | ) | CHAPTER 13 |
| SANTANDER BANK, N.A., AS SERVICER | ) | |
| FOR SANTANDER CONSUMER USA INC. | ) | Case No.: 25-10680 (DJB) |
| **Moving Party** | ) | |
| | ) | |
| v. | ) | **Hearing Date: 7-17-25 at 11:00 AM** |
| | ) | |
| JAMES J. DUNN | ) | 11 U.S.C. 362 |
| **Respondent(s)** | ) | |
| | ) | |
| KENNETH E. WEST | ) | |
| **Trustee** | ) | |

**STIPULATION OF SETTLEMENT OF MOTION OF SANTANDER BANK, N.A., AS SERVICER FOR SANTANDER CONSUMER USA INC. FOR RELIEF FROM THE AUTOMATIC STAY**

This matter having been brought before the Court on a Motion For Relief From The Automatic Stay by William E. Craig, Esquire, attorney for Santander Bank, N.A., as servicer for Santander Consumer USA Inc. ("Santander"), and the Debtor having opposed such Motion through his counsel, E.J. Gruber, Esquire, and the parties having resolved said Motion as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

1. That Santander is the holder of a first purchase money security interest in a 2015 Chrysler 200 bearing vehicle identification number 1C3CCCDG8FN615845.

2. That the parties stipulate that the Debtor's account with Santander has arrears through May 2025 in the amount of $3,086.87; that with the addition of counsel fees and costs for the instant Motion in the amount of $449.00, the total amount to be cured is $3,535.87.

3. That the Debtor is to cure the arrearage set forth in paragraph two (2) above as follows:

    a. The Debtor is to make a regular monthly payment of $551.23 for June 2025.

    b. Following the payment set forth in paragraph 3(a) above, the Debtor is to cure the remaining arrears by making his regular monthly payment of $551.23 plus

       an additional $1,178.62 per month (total payment of $1,729.85) for the months of July through September 2025 directly to Santander.

4. That commencing June 2025, if the Debtor fails to make any payment to Santander within thirty (30) days after it falls due, Santander may send, via electronic mail to Debtor's attorney and regular mail to the Debtor, written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

5. That the Debtor must maintain insurance on the vehicle. The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each. Santander Consumer USA Inc. must be listed as loss payee. If the Debtor fails to maintain valid insurance, or fail to provide proof of same upon request, Santander may send, via electronic mail to Debtor's attorney and regular mail to the Debtor, written notice of default of this Stipulation. If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

6. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ E.J. Gruber
E.J. Gruber, Esquire
Attorney for the Debtor


/s/ William E. Craig
William E. Craig, Esquire
Attorney for Santander Bank, N.A., as servicer for
Santander Consumer USA Inc.