# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Bankruptcy No. 25-10680-DJB |
| James J. Dunn, | : Chapter 13 |
| *Debtor.* | : |
| | : |
| The Bank Of New York Mellon fka The Bank Of New York As Successor In Interest To JP Morgan Chase Bank, N.A., As Trustee For Centex Home Equity Loan Trust 2005-B | : : : : : |
| *Movant*, | : |
| vs. | : |
| James J. Dunn and Paula D. Dunn (Non-Filing Co-Debtor), | : |
| *Debtors/Respondents,* | : |
| and | : |
| Kenneth E. West, Esquire, | : |
| *Trustee/Respondent.* | : |

## MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY UNDER 11 U.S.C. § 362 AND §1301

Movant, by its Attorneys, Hladik, Onorato & Federman, LLP, hereby requests a termination of the Automatic Stay and Co-Debtor Stay and leave to proceed with its state court rights provided under the terms of the Mortgage.

1. Movant is The Bank Of New York Mellon fka The Bank Of New York As Successor In Interest To JP Morgan Chase Bank, N.A., As Trustee For Centex Home Equity Loan Trust 2005-B ("Movant").

2. Debtor, James J. Dunn ("Debtor") and Paula D. Dunn ("Non-Filing Co-Debtor") are the owners of the premises located at 249 Andover Road, Fairless Hills, PA 19030 (the "Property").

3. Kenneth E. West, Esquire is the Trustee appointed by the Court.

4. Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on February 20, 2025.

5. The Debtor/Co-Debtor are currently obligated to Movant under the terms of a certain Note, dated October 25, 2004, in the original principal amount of $190,029.00, executed by James J. Dunn ("Debtor") and Paula D. Dunn ("Non-Filing Co-Debtor").

6. As security for repayment of the Note, Debtor and Co-Debtor executed a mortgage on the same date and in the even amount stated in the Note.

7. Movant is the holder of a mortgage lien on the Property in the original principal amount of $190,029.00, which was recorded on November 12, 2004 (the "Mortgage"), and was executed by Debtor, James J. Dunn ("Debtor") and Paula D. Dunn ("Non-Filing Co-Debtor"). A true and correct copy of the Mortgage is attached to Movant's Proof of Claim #6 filed on the Claims Register.

8. The Mortgage was assigned to Movant by way of a written assignment of mortgage, recorded on February 17, 2025 A true and correct copy of the Assignment of Mortgage is attached Movant's Proof of Claim #6 filed on the Claims Register.

7. As of January 28, 2026, Movant has not received the following monthly post-petition Mortgage payments:

> 07/01/2025 – 01/01/2026 at $1,476.97 each...............................$10,338.79
> Attorney's Fees/Costs..……………………………………........$1,549.00
> Less Suspense…………………………………………….………($974.79)
> Total post-petition arrearage…………………………......……..$10,913.00

9. The loan is in default under the terms of the Note and Mortgage by failing to make the requisite post-petition mortgage payments.

10. Due to the Debtor's failure to make post-petition mortgage payments when due, Movant lacks adequate protection of its security interest in the Property.

10. The entity that has the right to foreclose is The Bank Of New York Mellon fka The Bank Of New York As Successor In Interest To JP Morgan Chase Bank, N.A., As Trustee For Centex Home Equity Loan Trust 2005-B by virtue of being owner and holder of note.

11. Movant has cause to have the Automatic Stay terminated, to permit Movant to complete foreclosure on its Mortgage.

12. This Motion and the averments contained herein do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this Motion, including fees and costs, due under the terms of the Mortgage and applicable law.

13. Pursuant to 11 U.S.C. § 362, the Automatic Stay of the Bankruptcy Code should be terminated as to Movant because:

> a. Movant lacks adequate protection of its security interest under 11 U.S.C. § 362(d)(1); and

> b. Debtor has no equity in the mortgaged property and the property is not necessary for an effective reorganization. 11 U.S.C. § 362(d)(2).

14. The Co-Debtor Stay of Section § 1301 should be terminated as to Paula D. Dunn pursuant to 11 U.S.C. 1301(c) because the Movant's interests would be irreparably harmed by a continuation of the stay.

15. Movant requests waiver of Rule 4001 (a)(4) permitting Movant to immediately enforce and implement any Order for Relief.

**WHEREFORE,** Movant respectfully requests that this Court enter an Order:

a. Modifying the Automatic Stay and Co-Debtor Stay under 11 U.S.C. § 362 and §1301 of the Bankruptcy Code with respect to the Property as to permit Movant to foreclose on its Mortgage and allow Movant or any other purchaser at Sheriff's Sale to take legal or consensual action for enforcement of its right to possession of, or title to; and

b. Granting any other relief that this Court deems equitable and just.

Respectfully submitted,

Date: 02/09/2026

/s/Danielle Boyle-Ebersole
Danielle Boyle-Ebersole, Esquire
Attorney I.D. # 81747
Hladik, Onorato & Federman, LLP
298 Wissahickon Avenue
North Wales, PA 19454
Phone 215-855-9521/Fax 215-855-9121
dboyle-ebersole@hoflawgroup.com